UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| DANNIE OLIVER, | ) | CASE NO. 5:19-cv-164 |
|---|---|---|
| PLAINTIFF, | ) ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| OHIO STATE HIGHWAY PATROL, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Dannie Oliver ("Oliver") brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Ohio State Highway Patrol ("OSHP") and Trooper C.M. Schnell ("Schnell"). (Doc. No. 1 ["Compl."].) Oliver alleges that defendants violated his constitutional rights when OSHP troopers used a trained police dog to attack him (*id*. at 4[1]). Oliver moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed. Oliver's motion for appointment of counsel (Doc. No. 3) is moot and denied as such.

**I. Background**

The factual allegations in Oliver's complaint are very sparse. Oliver claims that during a traffic stop of another individual on January 23, 2017, OSHP troopers used a trained police dog

---
[1] All page number references are to the page identification numbers generated by the Court's electronic filing system.

to attack him. (Compl. at 4.) He claims that as a result of the attack, his right leg sustained a permanent injury and he asks that a jury award him damages. (*Id*. at 5.)

## II. Discussion

### A. Standard of Review

To state a claim under § 1983, Oliver must allege that a person acting under color of state law deprived him of his rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citation omitted). Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or seeks monetary relief against a defendant who is immune from such relief. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *see Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) governs dismissal for failure to state a claim under § 1915(e)(2)(B). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *See Twombly*, 550 U.S. at 564.

In order to state a plausible claim, a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 677-78. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

### B. Analysis

#### *Claims against defendants OSHP and Schnell (official capacity) are dismissed*

The state of Ohio is immune from suit under § 1983 unless the state has waived its Eleventh Amendment sovereign immunity or Congress abrogated that immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity[.]") (citing *Welch v. Texas Dep't. of Highways and Public Transp.,* 483 U.S. 468, 472-73, 107 S. Ct. 2941, 97 L. Ed. 2d 389 (1987)). Congress did not abrogate a state's Eleventh Amendment immunity for actions brought pursuant to § 1983, and the state of Ohio has not waived its immunity. *See Pelle v. Ohio*, No. 3:12 CV 95, 2012 WL 1196465, at *1 (N.D. Ohio Apr. 10,

2012) (citing *Will*, 491 U.S. at 71; *Johns v. Supreme Court of Ohio,* 753 F.2d 524, 527 (6th Cir. 1985)).

The state of Ohio's immunity to suit under § 1983 extends to the OSHP and OSHP troopers sued in their official capacities. *See Davis v. Maughmer*, No. C2-00-1415, 2002 WL 484853, at *3 (S.D. Ohio Mar. 5, 2002) ("[C]laims against the Ohio State Highway Patrol are claims against the State of Ohio, which is entitled to sovereign immunity under the Eleventh Amendment.") (citing *Welch,* 483 U.S. at 472-73); *Will*, 491 U.S. at 71 ("[N]either state nor its officials acting in their official capacities are 'persons' under [ § 1983].""); *see also Mattox v. City of Jefferson*, No. 1:04 CV 2257, 2007 WL 120651, at *2 (N.D. Ohio Jan. 10, 2007) (the OSHP is an arm of the state of Ohio and entitled to immunity under the Eleventh Amendment, as are employees of the OSHP sued in their official capacities which is essentially a suit against the state of Ohio) (citations omitted).

Oliver's claim against OHSP, and official capacity claim against Schnell, are dismissed pursuant to § 1915(e) because these defendants are immune from suit.

### *Personal capacity claim against Schnell is dismissed*

Oliver's personal capacity claim against Schnell is not barred by Eleventh Amendment immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (state employees sued for acts performed in their personal capacities are only entitled to qualified immunity from liability). While not barred, Oliver's personal capacity claim against Schnell is dismissed for failure to state a plausible claim for relief.

Oliver does not allege that Schnell is one of the "Ohio State Highway Patrol troopers" involved in the police dog attack, or assert any factual allegations concerning Schnell. Where a

person is named as a defendant without any specific allegation of unconstitutional conduct, that defendant is subject to dismissal even under the liberal construction afforded *pro se* pleadings. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of claims where the complaint did not allege with any degree of specificity defendant's involvement with the alleged constitutional violation). Merely listing Schnell as a defendant in the complaint is insufficient to state a plausible § 1983 claim for relief. *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.") (citing *Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)).

Moreover, the complaint does not contain allegations respecting all the material elements of some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (To satisfy federal pleading requirements, the complaint must contain "direct or inferential allegations respecting all of the material elements to sustain a recovery under *some* viable legal theory.") (internal quotation marks and citations omitted). Oliver does not assert the constitutional provision under which he seeks relief. The Eighth Amendment's prohibition of cruel and unusual punishment applies to convicted criminals, which does not appear to apply here. *See Aldini v. Johnson*, 609 F.3d 858, 864 (6th Cir. 2010) (citation omitted). "The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that 'arise[ ] in the context of an arrest or investigatory stop of a free citizen[.]'" *Id.* (quoting *Graham v. Connor,* 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). Plaintiff claims only that the alleged attack occurred at that time of a traffic stop "of another

individual," and there is nothing in the complaint that suggests Oliver was the subject of the stop or was arrested.

The complaint is simply devoid of factual allegations from which this Court could infer that Oliver has plausibly alleged a viable § 1983 personal capacity claim against Schnell upon which relief may be granted. While required to liberally construe the complaint, the Court is not required to conjure factual allegations or legal claims on behalf of a *pro se* plaintiff. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (the district court is not required to prosecute a § 1983 suit on plaintiff's behalf) (citations omitted).

Plaintiff fails to state a plausible § 1983 personal capacity claim against Schnell, and that claim is dismissed pursuant to § 1915(e).

### III. Conclusion

For all the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Oliver's motion to proceed in forma pauperis is granted (Doc. No. 2), and his motion for appointment of counsel is denied as moot (Doc. No. 3).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 10, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**